IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DANIEL MARTINEZ, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            Case No. 5:19-cv-918

**FORMICA SPECIALIST, LLC, and**            **DEFENDANTS**
**FRANK YBARRA, JR.**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Daniel Martinez, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Formica Specialist, LLC, and Frank Ybarra, Jr. (collectively "Defendants"), and in support thereof, states and alleges as follows:

### I. INTRODUCTION

1. This is a collective action brought by Daniel Martinez ("Plaintiff"), both individually and on behalf of all other construction and manufacturing workers classified by Defendants as independent contractors at any time within the three-year period preceding filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorneys' fees, as a

result of Defendants' failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty (40) per workweek.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described infra.

4. As used in this Complaint, the term "workers" refers to construction and manufacturing workers classified by Defendants as independent contractors.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Defendants conduct business within the State of Texas, with their principal place of business in San Antonio.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

8. Plaintiff was employed by Defendants out of their facility located in the San Antonio Division of the Western District of Texas. Therefore, the acts alleged in this Complaint had their principal effect within the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff Daniel Martinez is a citizen of the United States and a resident of and domiciled in the State of Texas.

10. Defendant Formica Specialist, LLC ("Formica Specialist"), is a domestic limited liability company, providing manufacturing and installation services for commercial and home cabinetry and countertops.

11. Defendant Formica Specialist's main manufacturing shop is located at 18745 Goll Street in San Antonio.

12. Defendant Formica Specialist's registered agent is Legalinc Corporate Services, Inc., 10601 Clarence Drive, Suite 250, Frisco, Texas 75033.

13. Defendant Frank Ybarra ("Ybarra") is a principal, director and/or officer of Formica Specialist.

## IV.   FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

15. At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*

16. Plaintiff was employed by Defendants as a worker out of Defendants' San Antonio shop.

17. Plaintiff was misclassified by Defendants as an independent contractor under the FLSA, and was paid an hourly rate for some hours he worked.

18. Upon information and belief, Defendant Formica Specialist's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the Original Complaint.

19. During each of the three years preceding the filing of the Original

Complaint, Defendant Formica Specialist employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including but not limited to, construction materials, tools and other goods necessary to operate a cabinetry and countertop manufacturing and installation business.

20. Defendant Ybarra controls or has the right to control the day-to-day operations of Defendant Formica Specialist, such that he is liable to Plaintiff as an employer under the FLSA.

21. Defendant Ybarra established and/or maintained the policies at issue in this case.

22. Defendant Ybarra had operational control over the day-to-day functions of Plaintiff and other workers as well as direct responsibility for the compensation of Plaintiff and other workers.

23. Defendant Ybarra had operational control and management of Formica Specialist, as well as control over employees, including power to supervise, hire and fire, establish wages and wage policies or set schedules for its employees.

24. Defendants acted jointly as the employer of Plaintiff and the proposed collective and all Defendants are and have been engaged in interstate commerce as that term is defined under the FLSA.

25. Defendants directly hired Plaintiff and other similarly-situated employees to perform duties as construction and manufacturing workers, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and

employment conditions, and kept at least some records regarding their employment.

26. Defendants' primary business purpose is to provide cabinetry and countertop manufacturing and installation services, and Defendants employed Plaintiff and other workers to accomplish this purpose.

27. Within three years prior to the filing of this Complaint, Defendants employed Plaintiff, among other individuals, to perform construction duties.

28. Defendants hired Plaintiff and set his work schedule, including the hours to be worked.

29. Plaintiff worked more than forty hours per week on a regular, typical basis while working for Defendants.

30. Other workers also worked more than forty hours per week on a regular, typical basis while working for Defendants.

31. To perform their jobs for Defendants, Plaintiff and similarly-situated employees had to be trained or oriented to their duties, Defendants' paperwork, processes and methods, customer requirements, and anything else they needed to know to perform the work for Defendants.

32. Defendants exercised comprehensive control over the employment of their workers, including Plaintiff's employment.

33. Defendants required Plaintiff and other workers to follow a certain schedule in performing their duties.

34. Plaintiff and other workers could not refuse to work on certain assigned construction projects.

35. Plaintiff and other workers were expected to follow Defendants' dress

code and guidelines, which included wearing shirts featuring Defendants' logo.

36. Plaintiff and other workers were hired to work for Defendants for an indefinite period of time.

37. Plaintiff and other workers did not share in Defendants' profits.

38. Plaintiff and other workers did not share in Defendants' losses.

39. Defendants set the pay rate for construction.

40. Defendants entered into contracts with their customers, and no workers signed contracts with Defendants' customers.

41. Plaintiff and other workers did not submit competitive pricing bids for construction jobs.

42. Defendants made decisions on what new business to pursue or take without Plaintiff's or other workers' input.

43. Plaintiff and other workers did not negotiate contracts or prices with Defendants' customers.

44. Plaintiff and other workers regularly worked at Defendants' shop.

45. Plaintiff and other workers used the necessary tools and equipment owned by Defendants for business purposes.

46. In particular, Plaintiff and other workers used Defendants' expensive machinery and Defendants' additional specialized tools.

47. During the statutory period, Defendants compensated workers, including Plaintiff, a straight-time rate for all hours for which they paid them.

48. It was Defendants' commonly applied policy not to pay Plaintiff or other workers any overtime premium for hours that they worked over forty hours per week.

49. Defendants refused to pay Plaintiff at all for some hours Plaintiff worked over forty (40) per week.

50. Defendants failed to pay Plaintiff a lawful overtime premium for any hours he worked over forty (40) hours per week.

51. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other workers violated the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

52. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

53. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as workers who were or are employed by Defendants and who are entitled to payment for all of their overtime wages that Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

54. Plaintiff is unable to state the exact number of the collective but believes that the collective's membership is over ten (10) persons.

55. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

56. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants.

57. The email addresses of many of the FLSA collective action plaintiffs are available from Defendants.

58. The cellular telephone numbers of the FLSA collective action plaintiffs are available from Defendants.

59. The proposed FLSA collective members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A. Defendants' uniform failure to compensate employees pursuant to the requirements of the FLSA; and

B. Defendants' failure to pay members of the collective proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim under the FLSA)

60. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

61. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

62. At all relevant times, Defendants have been, and continue to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

63. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

64. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

65. Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

66. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

67. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

68. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
### (FLSA § 216(b) Representative Action Claim)

69. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

70. Plaintiff brings this collective action on behalf of all workers employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

71. Plaintiff brings this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

72. In the past three years, Defendants have employed many workers.

73. Defendants improperly classified these workers as independent

Page 9 of 11
**Daniel Martinez, et al. v. Formica Specialist, LLC, et al.**
U.S.D.C. (W.D. Tex.) Case No. 5:19-cv-918
Original Complaint—Collective Action

contractors.

74. Like Plaintiff, these workers regularly worked more than 40 hours in a week.

75. Defendants failed to pay these employees the proper overtime wages. Because these employees are similarly situated to Plaintiff, and because they are owed overtime for the same reasons, the opt-in class is properly defined as:

**All workers within the past three years.**

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Daniel Martinez respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for the following relief:

A. That Defendants be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

C. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D. Judgment for damages for all unpaid overtime wage compensation owed to Plaintiff and members of the collective under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

F. An order directing Defendants to pay Plaintiff and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF DANIEL MARTINEZ, Individually and on Behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com